LOKER LAW, APC
Matthew M. Loker, Esq. (279939)
matt@loker.law
Charles B. Cummins, Esq. (354861)
charles@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorney for Plaintiff,*
Miguel Melgoza

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL MELGOZA,<br><br>Plaintiff,<br><br>v.<br><br>HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND TRANS UNION LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **FAIR CREDIT REPORTING ACT; AND,**<br><br>II. **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT**<br><br>**JURY TRIAL DEMANDED** |

CASE NO.: *Melgoza v. MOHELA, et al*
**COMPLAINT**

# INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

3. MIGUEL MELGOZA ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI ("MOHELA"); EQUIFAX INFORMATION SERVICES LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); and TRANS UNION LLC ("Trans Union") with regard to repeated inclusion of inaccurate credit reporting regarding Plaintiff's credit report and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

7. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of a Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

10. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); and, (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Santa Barbara County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

13. Plaintiff is a natural person who resides in Lompoc, California, from whom MOHELA sought to collect a debt which was alleged to be due and owing from Plaintiff.

14. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); Cal. Civ. Code § 1785.3(c).

15. MOHELA is a student loan servicer operating from the State of Missouri.

16. MOHELA is a furnisher of information as contemplated by FCRA sections 1681s-2(b), that regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

17. Equifax is a corporation located in the State of Georgia.

18. Experian is a corporation located in the State of California.

19. Trans Union is a corporation located in the State of Pennsylvania.

20. Equifax, Experian, and Transunion are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).

21. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

22. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

23. At all times relevant, Plaintiff is an individual residing within the State of California.

24. In or about 2021, Plaintiff's personal identification information was exposed as a result of a data breach, which occurred at his employer, University of California, Santa Barbara.

25. Sometime following the breach, Plaintiff was made aware that his personal information was exposed to potentially nefarious actors; however, with the aid of identity theft monitoring service, believed that he would be able to prevent or mitigate his risk exposure.

26. Unfortunately, Plaintiff's fears would become realized.

27. On January 23, 2024, a fraudster opened two accounts with MOHELA and obtained two student loans in the amounts of $2,201.00 and $3,500.00 respectively.

28. A week later on January 30, 2024, the fraudster opened a third account with MOHELA and obtained a third student loan, this time in the amount of $939.00.

29. In March 2024, Plaintiff first learned he could be a victim of identity theft when he received an alert through Experian's identity protection program provided by his employer, University of California, Santa Barbara.

30. On April 11, 2024, Plaintiff obtained his annual credit report from Experian, which originally did not include any of the three of the fraudulent MOHELA accounts.

31. On April 16, 2024, Plaintiff filed an Identity Theft Report with the Federal Trade Commission ("FTC Report").

32. On May 13, 2024, Plaintiff obtained his credit report from Equifax, which included all three of the fraudulent MOHELA accounts.

33. On June 4, 2024, the fraudster opened a fourth account with MOHELA and obtained a fourth student loan, this time in the amount of $2,860.00.

34. This fraudster utilized Plaintiff's personal identifying information when completing the loan applications and contracted for the loans using the same. Plaintiff did not authorize any third party to enter into such a contract.

35. After several attempts at contacting MOHELA, Plaintiff finally spoke with someone, but was told that MOHELA did not have any accounts in his name, despite numerous fraudulent MOHELA accounts appearing on his credit report.

36. On or about November 2024, Plaintiff obtained his credit reports from Equifax, Experian, and Trans Union, which all included the fraudulent MOHELA accounts.

37. On December 19, 2024, Plaintiff sent dispute letters to Equifax, Experian, Trans Union, and Innovis with supporting documentation explaining that he was a victim of identity theft and that the fraudulent loans should be removed from his credit report.

38. On December 31, 2024, Equifax advised Plaintiff that it would not remove the disputed tradeline until Plaintiff provided proof of his identity, the specific information that is the result of the identity theft, and a copy of the FTC Report, all of which Plaintiff provided in his previous dispute.

39. On January 1, 2025, Equifax verified the disputed tradelines as accurate.

40. On February 11, 2025, Plaintiff obtained updated credit reports from Equifax, Experian, and Trans Union, which all included the fraudulent MOHELA accounts.

41. Defendant MOHELA was required to conduct a reasonable reinvestigation into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

42. Defendants Equifax, Experian, and Trans Union were required to conduct their own reasonable reinvestigations into these specific accounts on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

43. Defendants did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

44. Defendants' investigations were unreasonable.

45. More specifically, MOHELA should have discovered from MOHELA's own records that the information being reported was inaccurate and materially misleading.

46. Accordingly, MOHELA failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

47. MOHELA failed to review all relevant information provided by Plaintiff in the disputes to Defendants Equifax, Experian, and Trans Union, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

48. Due to MOHELA's failure to reasonably investigate, MOHELA further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

49. By inaccurately reporting account information after notice and confirmation of its errors, MOHELA failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

50. Through this conduct, MOHELA violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that MOHELA knew or should know was inaccurate

51. Defendants Equifax, Experian, and Trans Union also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

52. Plaintiff contends that it was unreasonable for Defendants Equifax, Experian, and Trans Union to not contact Plaintiff for further information if needed, and, to not contact MOHELA.

53. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with Defendants were fruitless.

54. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was willful.

55. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

56. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

57. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

58. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

59. Defendants' conduct has caused Plaintiff emotional distress.

60. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

61. While Plaintiff was thorough in Plaintiff's disputes at all times, Defendants merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

62. Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because this large delinquency mischaracterizes Plaintiff as someone that avoids Plaintiff's financial obligations and significantly harms Plaintiff's credit score.

63. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

64. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

65. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

66. Similarly, Defendants received documents in connection with Plaintiff's disputes that directly contradicted the inaccurate credit reporting.

67. These documents should have caused Defendants to remove the inaccurate information from Plaintiff's credit report.

68. By intentionally reporting continuing obligations, Defendants acted in conscious disregard for Plaintiff's rights.

69. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of harm that was either known or so obvious that it should be known.

70. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681-1681X (FCRA)
## [AGAINST ALL DEFENDANTS]

71. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

73. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

74. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

# COUNT II

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

### [AGAINST MOHELA]

75. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

77. In the regular course of its business operations, MOHELA routinely furnishes information to credit reporting agencies pertaining to transactions between MOHELA and MOHELA'S consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

78. Because MOHELA is a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), MOHELA is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a).

79. Since MOHELA received all documents required to determine the inaccuracy of MOHELA'S reporting, MOHELA should have known to update said reporting.

80. MOHELA also should have determined that MOHELA'S reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

81. Attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from MOHELA.

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendant for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA; and, CCCRAA;

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

82. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: February 20, 2025                                   Respectfully submitted,

**LOKER LAW, APC**

By:  ___/s/ Matthew M. Loker___
     MATTHEW M. LOKER, ESQ.
     ATTORNEY FOR PLAINTIFF